

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Southern District
30 Spring St./PO Box 2072
Nashua NH 03061-2072

Telephone: (603) 883-6461
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## ORDER OF NOTICE

Case Name: Robert V Cavanagh, et al v Northern New England Benefit Trust
Case Number: 226-2012-CV-00693

A petition has been filed against you in this Court. A copy of the petition is attached.

**The Court ORDERS that ON OR BEFORE:**

| Date | Action |
|---|---|
| October 23, 2012 | Robert V Cavanagh; Rhoda M Cavanagh shall have this Order of Notice and the attached Petition served upon Northern New England Benefit Trust in hand or abode. |
| November 06, 2012 | Robert V Cavanagh; Rhoda M Cavanagh shall file the return of service with this Court. Failure to do so may result in this action being discontinued without further notice. |
| November 06, 2012 | Northern New England Benefit Trust shall file a written appearance form with this Court. A copy of the appearance form must be sent to the party listed below and any other party who has filed an appearance in this matter. |
| December 06, 2012 | Northern New England Benefit Trust must also file a plea, answer, demurrer or other response with this Court. A copy of the plea, answer, demurrer or other response must be sent to the party listed below and any other party who has filed an appearance in this matter. |

**Notice to Northern New England Benefit Trust:** If you do not comply with these requirements, you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
Kenneth M. Brown, ESQ

Sullivan & Gregg PA
187 Main Street
Nashua NH 03060-2701

BY ORDER OF THE COURT

Marshall A. Buttrick
Clerk of Court

September 14, 2012

(293)

NHJB-2536-S (07/01/2011)

THE STATE OF NEW HAMPSHIRE

JUDICIAL BRANCH

HILLSBOROUGH COUNTY SUPERIOR COURT
SOUTHERN DISTRICT

ROBERT V. CAVANAGH AND RHODA M. CAVANAGH

V.

NORTHERN NEW ENGLAND BENEFIT TRUST

PETITION FOR DECLARATORY JUDGMENT

   NOW COME Robert V. Cavanagh and Rhoda M. Cavanagh, of 114 Marsh Road, Pelham, Hillsborough County, New Hampshire and complain against Northern New England Benefit Trust, with a place of business at 51 Goffstown Road, Manchester, Hillsborough County, New Hampshire, as follows:

   1.   On July 12, 2011 Robert V. Cavanagh was seriously injured when his motorcycle was struck by a truck driven by Kevin Desrosiers.

   2.   Mr. Cavanagh was totally disabled from his employment at Anheuser-Busch from July 12, 2011 until November 14, 2011.

   3.   In the months after the accident, Mr. Cavanagh received health and disability insurance benefits from Northern New England Benefit Trust. Those benefits totaled $38,369.21 for payment of medical bills and $7,831.05 for payment of disability benefits.

   4.   Northern New England Benefit Trust, through its agents, notified plaintiffs' counsel that it claimed liens on plaintiffs' recoveries. Subject to New Hampshire law of proration of costs and fees and the doctrine of equitable apportionment, plaintiffs' counsel acknowledged said liens.

   5.   In 2012, plaintiffs' counsel recovered $200,000 from two insurance policies which covered the tortfeasor in the underlying accident. Plaintiffs still seek to recover another $50,000 from plaintiffs' underinsured motorist coverage.

   6.   As funds were received by plaintiffs' counsel, he began negotiations with Northern New England Benefit Trust, through its agent, ACS Recovery Services, of Schaumburg, Illinois, to pay the liens claimed by Northern New England Benefit Trust.

-2-

Northern New England Benefit Trust refused to accept the standard New Hampshire practice of reducing the lien by one-third to cover the lienor's share of attorney's fees. Northern New England Benefit Trust refused to pay any portion of costs incurred in obtaining the $200,000 in payments.

7.  Plaintiffs' counsel also sought "equitable apportionment" of the collected funds. Dimick v. Lewis, 127 NH 141 (1985). Plaintiffs' recovery does not fully compensate plaintiffs for their injuries. Northern New England Benefit Trust refused to reduce its recovery to reflect plaintiffs' inability to collect the full value of their cases. Plaintiffs have consistently alleged that the full and fair value of plaintiffs' claims is at least $400,000. The maximum that plaintiffs will recover from applicable insurance is $250,000.

WHEREFORE, plaintiffs pray as follows:

A.  Plaintiffs seek a declaration from this Court that Northern New England Benefit Trust's liens are subject to a one-third reduction for attorney's fees incurred in recovering those liens. Further, plaintiffs ask the Court to charge Northern New England Benefit Trust a pro-rata share of costs incurred in recovering settlement proceeds.

B.  Finally, plaintiffs seek a declaration from this Court of the full and fair value of plaintiffs' claims so that the recoveries of all parties may be equitably apportioned by this Court.

C.  Plaintiffs ask that the Court award plaintiffs their costs and attorney's fees incurred in this action, pursuant to RSA 491:22-b.

D.  And for such other and further relief as may be just and equitable.

                                Respectfully submitted,
                                Robert V. Cavanagh and Rhoda M. Cavanagh
                                By their attorneys
                                Sullivan & Gregg, P.A.

Date: 9-11-12        By    /s/ Kenneth M. Brown
                                Kenneth M. Brown, NH Bar #143
                                187 Main Street
                                Nashua, NH 0306-2701
                                603-882-9716