UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Robert V. Cavanagh
and Rhoda M. Cavanagh

   v.                                             Civil No. 12-cv-394-LM

Northern New England
Benefit Trust


**O R D E R**

In a case that has been removed from the New Hampshire Superior Court, Robert and Rhoda Cavanagh have petitioned for a declaratory judgment. Among other things, they seek a declaration limiting the amount of the lien that may be asserted by Northern New England Benefit Trust ("NNEBT"), the sponsor of Mr. Cavanagh's employee-benefit plan, against his $200,000 recovery from a third-party tortfeasor whose negligence resulted in injuries for which NNEBT paid approximately $46,000 in medical bills and disability benefits.[1] Before the court is the Cavanaghs' motion to remand this case to the superior court.

---

[1] Specifically, the Cavanaghs asked the superior court to: (1) declare that NNEBT's "liens are subject to a one-third reduction for attorney's fees incurred in recovering those liens," Notice of Removal, Attach. 1 (doc. no. 1-1), at 3; (2) "charge [NNEBT] a pro-rata share of costs incurred in recovering settlement proceeds," id.; and (3) determine "the full and fair value of [their] claims so that the recoveries of all parties may be equitably apportioned," id.

NNEBT objects.  For the reasons that follow, the Cavanaghs' motion to remand is denied.

In its notice of removal, NNEBT observed that the medical and disability benefits it paid, and which underlie the lien it has asserted, were provided under an employee-benefit plan regulated by the Employee Retirement Income Security Act of 1974 ("ERISA").  For that reason, it argues that the Cavanaghs' requests for relief are preempted by ERISA, see 29 U.S.C. § 1144(a), which gives this court subject-matter jurisdiction over them and makes removal proper.

In their motion for remand, the Cavanaghs agree that NNEBT provided benefits to Mr. Cavanagh pursuant to an ERISA-governed employee-benefit plan.  Their argument for remand goes like this: (1) Mr. Cavanagh's NNEBT benefit plan does not cover expenses for which a plan beneficiary has received payment from a third-party tortfeasor, see Notice of Removal, Ex. A (doc. no. 1-2), at 35; (2) when NNEBT has paid expenses that later become uncovered expenses due to a beneficiary's recovery from a third-party tortfeasor, the plan's subrogation provision allows NNEBT to recover those uncovered expenses from its beneficiary, see id.; and (3) because the plan does not cover expenses for which a beneficiary has received compensation from a third-party tortfeasor, the plan's subrogation provision "create[s] rights

as to subjects that are not covered by the Plan," Pet'r's Mem. of Law (doc. no. 3-1), at 3, which makes the subrogation provision "legally untenable," id.

What is legally untenable is the Cavanaghs' argument against preemption.

> ERISA . . . preempts state laws to the extent that they "relate to any employee benefit plan" governed by ERISA. 29 U.S.C. § 1144(a). Thus, "[e]xpress ERISA preemption analysis . . . involves two central questions: (1) whether the plan at issue is an 'employee benefit plan' [within ERISA] and (2) whether the cause of action 'relates to' this employee benefit plan." Hampers v. W.R. Grace & Co., Inc., 202 F.3d 44, 49 (1st Cir. 2000) (internal quotation marks omitted).

Colonial Life & Accident Ins. Co. v. Medley, 572 F.3d 22, 29 (1st Cir. 2009). With respect to the interplay between preemption and the issue on which the Cavanaghs base their request for relief, i.e., the extent of NNEBT's subrogation rights, the court of appeals for this circuit has explained:

> ERISA preempts state legislation designed to limit plans' subrogation and coordination of benefits provisions. See FMC Corp. v. Holliday, 498 U.S. 52 (1990); Travitz v. Northeast Dept. ILGWU Health and Welfare Fund, 13 F.3d 704 (3d Cir. 1994). Such preemption applies a fortiori to state common law doctrines (like the collateral source rule) which purportedly alter the benefit limitation provisions of a plan. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 52-57 (1987) (precluding both state claims to recover benefits under an ERISA plan and state claims to recover compensation for harms suffered because of improper denial of such benefits).

LaRocca v. Borden, Inc., 276 F.3d 22, 30 (1st Cir. 2002) (parallel citations omitted).

Turning to the first requirement for preemption, the Cavanaghs concede that Mr. Cavanagh's NNEBT-sponsored plan is an employee-benefit plan governed by ERISA.  As for the second requirement, their cause of action relates to NNEBT's right to subrogation, which is a topic directly addressed by Mr. Cavanagh's ERISA-governed benefit plan.  While it is true that injuries for which a plan beneficiary receives compensation from a third-party tortfeasor are not a risk that is covered by the plan, NNEBT's right to recover from a plan beneficiary who has recovered from a third-party tortfeasor is most assuredly a subject that is expressly covered by the plan.  Thus, the issues raised in the Cavanaghs' petition are completely preempted by ERISA.  See Colonial Life, 572 F.3d at 29.  Accordingly, this court has subject-matter jurisdiction over their petition, which makes removal proper.  See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 66-67 (1987); Levine v. United Healthcare Corp., 402 F.3d 156, 161-63 (3d Cir. 2005) (affirming district court's denial of motion to remand beneficiary's claim against ERISA-governed employee-benefit plan to recover money paid to plan in satisfaction of plan's subrogation claim); Arana v. Ochsner Health Plan, 338 F.3d 433, 440 (5th Cir. 2003) (holding that

4

declaratory judgment action challenging lien asserted by ERISA-governed employee-benefit plan was properly removed to federal court); Singh v. Prudential Health Care Plan, Inc., 335 F.3d 278, 292 (4th Cir. 2003) (affirming trial court's denial of motion for remand where beneficiary of ERISA-governed employee-benefit plan sought "return of a plan benefit unreduced by subrogation").

For the foregoing reasons, the Cavanaghs' motion to remand, document no. 3, is denied.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

November 19, 2012

cc:  Kenneth M. Brown, Esq.
     William R. Cahill, Jr., Esq.
     William D. Pandolph, Esq.